[No. 17155.  Department Two.  October 25, 1922.]

WHITE RIVER LUMBER COMPANY, *Appellant,* v.
TILLIE HOFFMAN *et al., Respondents.*[1]

FRAUDS, STATUTE OF (1)—PROMISE TO PAY DEBT OF ANOTHER. An oral promise to advance money to the owner of the property needed for the construction of a building, communicated to one who was thereby induced to supply material, is within the statute of frauds, as a promise to pay the debt of another, where the court found that there was no direct promise to pay for the material.

Appeal from a judgment of the superior court for Grant county, Hill, J., entered September 27, 1921, in favor of the defendants, denying a personal judgment in an action to foreclose a mechanics' lien, tried to the court.  Affirmed.

*G. E. Lovell,* for appellant.

*Hamblen & Gilbert,* for respondent.

HOVEY, J.—Appellant supplied building materials which were used in the construction of a hotel upon property for which respondent Bice held a contract of purchase.  Respondent Hoffman was a friend of the respondent Bice and boarded with her.  Mrs. Bice did not possess the funds necessary to erect the hotel, and the evidence showed a promise on the part of respondent Hoffman to advance the money to Mrs. Bice which the latter needed for the construction of the building.  The evidence further tends to show that knowledge of this promise was given to the appellant, and that this was one of the motives that induced it to supply the materials.  The respondent Hoffman testified that all she ever promised to do was to advance the money to her co-respondent upon the security of a mortgage to be given upon the prop-

[1]Reported in 210 Pac. 32.

erty when the building was completed, and subject to the provision that she should be in funds through the sale of certain wheat that she had in storage. The agreement was never reduced to writing. Appellant brought this action for the foreclosure of its lien and sought to recover a personal judgment against respondent Hoffman for the amount of its claim. The trial court granted the foreclosure, but denied the personal judgment against respondent Hoffman.

The trial court came to the conclusion that there never was any direct promise from respondent Hoffman to the appellant to pay the amount of its claim, and that, as to the appellant, the agreement was simply an undertaking to answer for the debt of another, and not being in writing was voidable under the statute of frauds. In our opinion, the evidence in favor of appellant does not preponderate against the conclusion of the trial court to an extent that would justify us in interfering with the conclusion reached.

The judgment will therefore be affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.